Bryn Mawr Trust Co. *v.* Cole (Haydock et ux., Appellants).

Argued January 18, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Thomas O. Haydock,* for appellants.

*Henry M. Brownback,* with him *Russell J. Brownback,* for appellee.

PER CURIAM, February 3, 1932:
Intervening defendants, Haydock and wife, petitioned for a rule to show cause why judgment for defendant

should not be marked to their use, and further, that releases, made by plaintiff, of real estate from the lien of the judgment be stricken off.

The facts as set forth in the opinion of the court below are substantially as follows: On October 11, 1926, the Bryn Mawr Trust Company entered the judgment in question against Clarence E. Cole, Wm. A. Young and Thomas O. Haydock, Jr., in the amount of $1,000. This judgment was given as collateral security for a collateral note of the same amount, which recites, "Securities hereby pledged [in this case, the above judgment note] shall be applicable in like manner to secure the payment of any *past* or of *any future* obligations of the undersigned held by the owners of this obligation." In November, 1926, when the trust company notified Haydock that he, Young and Cole were overdrawn on their loans, Haydock, on mortgage of himself and wife, borrowed $15,000 from the trust company. Out of the fund so realized, the promissory note, for which the above judgment note was collateral, was paid off, the judgment, however, still remaining of record and unsatisfied. Although the promissory note was paid, the indebtedness of Cole, Haydock and Young, on similar notes, and of Cole on bonds and mortgages, continued and was increased. It is not denied that Haydock, Young and Cole are all indebted to the trust company in varying amounts at the present time. Cole and Young were not called as witnesses and their present whereabouts is unknown to both the trust company and petitioner, Haydock. The latter now asks that, since the promissory note of $1,000 has been paid by him out of proceeds of the $15,000 mortgage, he should be subrogated with reference to the judgment given as collateral for such promissory note, and that releases of the judgment discharging real estate belonging to Cole from its lien be stricken off.

In disposing of the case, the learned court below discharged the rule in an opinion from which we take and adopt the following:

"Petitioner bases his claim upon the claim that he was not a principal on these notes but only a surety, and that, as such surety, having paid his principals' debt, he is entitled to be subrogated to the rights of the trust company against his principals. This contention might seem to have some merit if two things are shown. First, petitioner must be surety for Cole and Young, and, second, the security in question must be security only for the debt that has been paid by the alleged surety.

"As to the question of whether or not Haydock was surety for Cole and Young, after reading and considering the depositions we are convinced that not only was Haydock not such a surety, but that he was a partner in the Brynwood building venture with Cole and Young. Haydock practically admits that Cole was without money and only acted as a so-called straw man in the transactions. Haydock says that he acted only as attorney for Cole and Young; that he received no money for his services, and that he was to be paid out of the profits, 'if they made any money,' in the project. It seems strange, and I might say almost unheard of, for an attorney-at-law who is receiving no fees for rendering legal services to endorse his clients' notes to the extent of many thousands of dollars, and, in addition, to mortgage his own property to the extent of $15,000 as petitioner claims, to guarantee the payment of these notes. Surely such a lawyer would seem to have passed even the bounds of friendship, and to have become a partner in the enterprise in the expected profits of which he was to share. During the years between 1926 and 1930, Haydock never claimed to be anything but what he purported to be on this note, to wit, a joint and several maker and a principal. During this period, he never asked to have this judgment assigned to him, nor raised any question concerning it.

"If Cole, Haydock and Young were partners, or if Haydock was a partner of either of the other two, he cannot claim subrogration. A partner, by paying a partner·

ship debt, is not thereby entitled to subrogation as against his copartner: Baily v. Brownfield, 20 Pa. 41. This question of suretyship or partnership cannot be decided without Cole and Young having their day in court, to be heard as to their relations with Haydock. To allow subrogation in this case would be to place in Haydock's hands a power to collect from his partners, comakers, or whatever they may be, to which he is not entitled. Cole and Young are entitled to have the security that they have given in the form of this judgment, applied to their indebtedness to the trust company as they agreed, and this judgment cannot be diverted to satisfy an alleged claim of Haydock against Cole and Young until Cole and Young have an opportunity to be heard as to just what their relations were with Haydock.

"As the trust company properly held this judgment, it, of course, had the right to release the lien of such judgment from any property, that the trust company saw fit to release, and such releases, of course, cannot be stricken off."

Order affirmed, at appellants' costs.